**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

HUMAN RIGHTS DEFENSE CENTER,

                Plaintiff,

v.

BOARD OF COUNTY
COMMISSIONERS FOR ADAMS
COUNTY, COLORADO; RICHARD
REIGENBORN, Sheriff, in his official
and individual capacities; CHRIS LAWS,
Jail Division Chief, in his individual
capacity; and DOES 1-10, in their
individual capacities,

                Defendants.

---

**COMPLAINT**

---

**PRELIMINARY STATEMENT**

Plaintiff, Human Rights Defense Center ("HRDC" or "Plaintiff"), brings this action to enjoin the Adams County Detention Facility (the "Jail") and its employees from unconstitutionally censoring HRDC's correspondence to incarcerated persons, and for damages arising from such censorship.

HRDC, a not-for-profit charitable organization, sends books, magazines, and other correspondence to persons incarcerated in the Jail. These materials educate incarcerated persons about their legal and civil rights and their options for accessing education while incarcerated. In recent months, these materials have also provided incarcerated persons critical, time-sensitive information related to the global COVID-19 pandemic, including, among other things, how it is affecting jail populations, the symptoms of the disease, and steps incarcerated persons can take to

avoid contracting and spreading the virus.  In communicating with such persons, HRDC engages in core protected speech and expressive conduct on matters of public concern, which are entitled to the highest protection afforded by the First Amendment of the U.S. Constitution.

Yet since June 2019, and on an ongoing basis, the Jail and its employees have refused to deliver dozens of HRDC's mailings to incarcerated persons, directly violating HRDC's First Amendment right to freedom of speech.  Jail staff has either failed to notify HRDC when it censored these mailings, or simply returned the mailings to HRDC bearing a stamp indicating: "RETURN TO SENDER: Items Enclosed are NOT Accepted Through Facility Mail" and "REFUSED" – violating HRDC's Fourteenth Amendment rights to notice and an opportunity to challenge censorship.

Although the Jail has an official mail policy in place, its correctional officers arbitrarily enforce that policy.  Accordingly, through this lawsuit, HRDC respectfully requests that the Court order the Jail and its employees to cease and desist from continuing their ongoing violation, under color of State law, of HRDC's rights (and those of its would-be readers) guaranteed by the First Amendment to the Constitution of the United States, and to award HRDC damages for the injuries it has sustained as a result of Defendants' unlawful conduct.

## JURISDICTION AND VENUE

1.      This action is brought pursuant to 28 U.S.C. § 1331, as it arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343, as it seeks redress for civil rights violations under 42 U.S.C. § 1983.

2.      Venue is proper under 28 U.S.C. § 1391(b).  At least one Defendant resides within this judicial district, and the events giving rise to the claims asserted herein occurred within this judicial district.

3. HRDC's claims for relief are predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to Plaintiff by the First and Fourteenth Amendments of the U.S. Constitution and the laws of the United States.

4. This Court has jurisdiction over claims seeking declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, as well as claims seeking nominal and compensatory damages against all Defendants.

5. HRDC's request for attorneys' fees and costs is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

**PARTIES**

6. HRDC is a not-for-profit charitable organization recognized under § 501(c)(3) of the Internal Revenue Code, incorporated in the state of Washington and with principal offices in Lake Worth, Florida.

7. Defendant Board of County Commissioners for Adams County ("Adams County") is the governing body for Adams County, Colorado, a formally constituted political subdivision of the state of Colorado. Adams County has delegated its authority for the operation of the Jail to Sheriff Reigenborn.

8. Defendant Richard Reigenborn ("Reigenborn") is the elected Sheriff of Adams County, Colorado, to whom Adams County has delegated the operation of the Jail. Sheriff Reigenborn is responsible for overseeing the management and operations of the Jail facilities, and for the hiring, screening, training, retention, supervision, discipline, counseling, and control of the personnel of the Jail who interpret and apply the mail policy to incarcerated persons. As Sheriff,

Reigenborn is a final policymaker for the Jail with respect all of its operations, including for policies governing incoming mail for incarcerated persons. He is sued in both his official[1] and his individual capacities.

9. Defendant Chris Laws ("Laws") is the Jail Division Chief of the Adams County Sheriff's Office. Laws is employed by and is an agent of Defendants Adams County and Reigenborn. As Chief of the Jail Division, Laws is responsible for overseeing the management and operations of the Jail, and for the hiring, screening, training, retention, supervision, discipline, counseling, and control of the personnel of the Jail who interpret and apply the mail policy for incarcerated persons. He is sued in his individual capacity.

10. The true names and identities of Defendants DOES 1 through 10 are presently unknown to HRDC. Each of DOES 1 through 10 are or were employed by and are or were agents of the Jail when some or all of the challenged mail policies and practices at the Jail were adopted and/or implemented. Each of DOES 1 through 10 are or were personally involved in the adoption and/or implementation of the Jail's mail policies for incarcerated persons, and/or are or were responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and/or control of the Jail staff who interpret and implement these mail policies. DOES 1 through 10 are sued in their individual and official capacities. HRDC will seek to amend this Complaint when the true names and identities of DOES 1 through 10 have been ascertained.

11. At all times material to this Complaint, the actions of all Defendants as alleged herein were taken under the authority and color of state law.

---

[1] In lieu of naming the Adams County Sherriff's Office as a Defendant.

4

## FACTUAL ALLEGATIONS

### I.     HRDC's Publications

12. For more than 30 years, the focus of HRDC's mission has been public education, advocacy and outreach on behalf of, and for the purpose of assisting, prisoners who seek legal redress for infringements of their constitutionally guaranteed and other basic human rights. HRDC's mission, if realized, has a salutary effect on public safety.

13. To accomplish its mission, HRDC publishes and distributes books, magazines, and other information containing news and analysis about prisons, jails and other detention facilities, prisoners' rights, court rulings, management of prison facilities, prison conditions and other matters pertaining to the rights and/or interests of incarcerated individuals.

14. HRDC publishes and distributes an award-winning, 72-page monthly magazine titled *Prison Legal News: Dedicated to Protecting Human Rights*, which contains news and analysis about prisons, jails, and other detention facilities, prisoners' rights, court opinions, management of prison facilities, prison conditions, and other matters pertaining to the rights and/or interests of incarcerated individuals.

15. Starting in April 2020, HRDC's *Prison Legal News* magazine has also sought to provide incarcerated persons critical, time-sensitive information related to the global COVID-19 pandemic, including how it is affecting jail populations, the symptoms of the disease, and steps incarcerated persons can take to avoid contracting and spreading the virus.

16. HRDC also publishes a second 56-page monthly magazine, *Criminal Legal News*. This magazine focuses on review and analysis of individual rights, court rulings, and news concerning criminal justice-related issues.

5

17.     HRDC has thousands of subscribers to its monthly magazines in the United States and abroad, including incarcerated persons, attorneys, judges, journalists, libraries, and members of the public.  Since its creation in 1990, HRDC has sent its publications to prisoners and law librarians in more than 3,000 correctional facilities across the United States, including death row units and institutions within the Federal Bureau of Prisons, such as the federal Administrative Maximum Facility ("ADX" or "Supermax") in Florence, Colorado—the most secure prison in the United States.  *Prison Legal News* is distributed to prisons and jails within the correctional systems of all 50 states, including to dozens of incarcerated persons housed in facilities in the State of Colorado.

18.     HRDC has been attempting to send these important publications to persons incarcerated at the Jail.  Yet Defendants maintain mail policies or practices that unconstitutionally prevent HRDC from sending these materials to individuals incarcerated at the Jail.

## II.     Defendants' Mail Policies and Practices

19.      According to the Adams County Detention Facilities [*sic*] Mail Policy (the "Mail Policy"):

> Local and non-local newspaper subscriptions may be ordered by family/friends with delivery directly to the facility by the news agency. Content that threatens security will be removed. Papers shall be disposed of 48 hours after arrival.
>
> The *ONLY* books that are allowed to be sent into the facility are paperback Bibles, Quran etc. or religious study guides. Books must be sent directly from publisher, church or book store. Fabric ribbons/bookmarks attached in religious books will be removed prior to delivery to inmate. These books need to be *pre-approved* by kite from Mail Processor before the books arrive in our Facility. \*\* WE DO *NOT* ALLOW RECREATION OR LEISURE READING MATERIAL\*\*

Adams County Detention Facilities Mail Policy, *available at*

https://www.adamssheriff.org/sites/default/files/2018-03/inmate_mailing_instructions.pdf

(last visited August 28, 2020).

    20. In addition, the Jail's policy contains the below list of "Contraband Items":

1. Tobacco or flame producing devices
2. Stationary items (postage stamps, paper, envelopes, pens, pencils, stickers, address labels, musical greeting cards or greeting cards larger than 8x11)
3. Jewelry/rosary beads
4. Food /candy/gum
5. Phone cards
6. Polaroid photos
7. Glue or glued items
8. Laminated/plastic coated items
9. "Kisses" or any type of body fluid or unknown/foreign substance on the envelope or its contents (lipstick, lip gloss, perfumes, cosmetics, food or beverage stains)
10. Nudity in photos/drawings/cartoons (exposure of male/female buttocks, genitals or female breasts) including newborns/infants/children
11. Sexually explicit photo/drawings/cartoons
12. Gang material
13. Hand gestures in photos (peace sign or bunny ears - including by children)
14. Originals/photo copies of social security cards, birth/death certificates, drivers license, vehicle titles or bill of sale
15. Cash or personal checks
16. Homemade crafts or greeting cards with:
    a. Bows or ribbons
    b. Foam
    c. Tape
    d. Cords
    e. Metal or mirror pieces
    f. Glue
    g. Jewels or stones
    h. Unauthorized published material including copies/pages/clippings of books, magazines or newspapers
17. Any material which by its nature or content poses a [sic] security, good order or discipline of Detention Facility or facilitates criminal activity

### III.     Defendants' Censorship of HRDC's Mail

21.     Beginning in June 2019, the Jail began returning many of HRDC's mailings to incarcerated persons there.

22.     Defendants are specifically censoring monthly issues of *Prison Legal News* and *Criminal Legal News* sent by HRDC to incarcerated persons held in the Jail. Defendants refuse to deliver said items to the incarcerated persons and, in some instances, have returned items to Plaintiff's office via the "Return to Sender" service of the United States Postal Service. Defendants' censorship of these magazines is ongoing.

23.     Altogether, since June 2019, Plaintiff can identify at least thirty-two (32) issues of *Prison Legal News* and *Criminal Legal News* sent by HRDC to persons incarcerated at the Jail that Defendants refused to deliver to HRDC's intended recipients. This mail includes eighteen (18) issues of *Prison Legal News* and fourteen (14) issues of *Criminal Legal News*.

24.     Some rejected magazines have been returned to HRDC's offices bearing a stamp with the message: "RETURN TO SENDER: Items Enclosed are NOT Accepted Through Facility Mail" and, at times, the word "REFUSED". Two of the returned magazines also had handwritten notes in addition to the stamp; one simply stated "Staples", while the other stated "Staples – Didn't kite".

25.     On information and belief, in addition to the HRDC magazines the Defendants have censored and returned to HRDC through the mail, Defendants are also censoring a substantial portion of the dozens of magazines mailed by HRDC to persons incarcerated in the Jail, but without notifying HRDC or its intended recipients that Defendants have rejected the magazines or the reasons therefor.

26. Such restrictions on written speech sent to persons incarcerated at the Jail are not rationally related to any legitimate penological interest and violate HRDC's First Amendment right to communicate, through the mail, with incarcerated persons.

27. Defendants' policies, practices, and customs are unconstitutional, both facially and as applied to HRDC.

28. Further, Defendants' censorship policies, practices, and customs have a chilling effect on HRDC's future speech and expression directed toward persons incarcerated at the Jail.

29. Plaintiff intends to continue sending mail to those incarcerated at the Jail who have subscribed to Plaintiff's publications, and Plaintiff desires that those publications not violating any lawful Jail policy be delivered to those subscribers. Plaintiff seeks the protection of this Court to ensure that Defendants cease their unlawful misconduct, and either deliver HRDC's written speech or satisfy due process by providing HRDC with the basis for any censorship so that HRDC may challenge the censorship.

## IV. <u>Defendants' Failure to Provide Due Process Notice and an Opportunity to Appeal</u>

30. To date, Defendants have failed to provide HRDC with any notice of the reason for the rejection of *Prison Legal News* and *Criminal Legal News*.

31. Further, Defendants have failed to provide HRDC with an opportunity to appeal the censorship of its magazines.

## V. <u>Defendants' Unconstitutional Mail Policies and Practices Are Causing HRDC Ongoing and Irreparable Harm.</u>

32. Due to Defendants' actions described above, HRDC has suffered damages, and will continue to suffer damages, including but not limited to: deprivation of its constitutional rights; frustration of its abilities to disseminate its political message, to recruit new subscribers and

supporters, and to advance its mission as a not-for-profit organization; significant diversion of its resources, including staff time; loss of potential subscribers and customers; damage to its reputation; and significant printing, handling, and mailing costs.

33. Defendants' actions and omissions were and are all committed under color of law and with reckless indifference to HRDC's rights.

34. Defendants and their agents are responsible for—or personally participated in—creating and implementing these unconstitutional policies, practices, and customs, and/or ratifying or adopting them. Further, Defendants Reigenborn and Laws are responsible for training and supervising employees whose conduct has injured and continues to injure HRDC.

35. Defendants' unconstitutional policies, practices, and customs are ongoing, and continue to violate HRDC's constitutional rights—causing irreparable harm. Defendants' unconstitutional policies, practices, and customs will continue unless enjoined. As such, HRDC has no adequate remedy at law.

36. Defendants Reigenborn's and Laws's actions – including, but not limited to, their implementation and arbitrary enforcement of an official mail policy – are in violation of clearly established law in this jurisdiction that makes it unlawful for governmental officials to deny persons the right to communicate, via the U.S. Mail, with incarcerated prisoners, absent a legitimate penological justification and without providing notice and an opportunity to the mail sender to challenge any such denial.

37. In addition to damages, HRDC is entitled to injunctive relief prohibiting Defendants from unconstitutionally censoring and refusing to deliver HRDC's mailings and depriving HRDC of due process of law.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### Violation of the First Amendment Right to Free Speech and Communication
### Under 42 U.S.C. § 1983
### (Brought Against All Defendants)

38. HRDC repeats and re-alleges each and every allegation set forth above, and incorporates them herein by reference.

39. The acts described above constitute violations of HRDC's rights under the First Amendment of the U.S. Constitution, as incorporated and applicable to the Defendants under the Fourteenth Amendment.

40. HRDC has a constitutionally protected liberty interest in communicating with incarcerated individuals by sending its materials, including the magazines *Prison Legal News* and *Criminal Legal News,* to them via U.S. Mail. Defendants' unconstitutional censorship violates HRDC's clearly established right to communicate with these individuals.

41. None of the content in any of the Plaintiff's publications that Defendants have rejected violates the Jail's posted mail policy. Nor is there any other non-stated legitimate penological interest justifying Defendants' unconstitutional censorship.

42. Moreover, Defendants' apparent requirement that prisoners seek prior approval of published materials before they can be delivered to their intended recipients, *supra* ¶ 19, serves as a prior restraint on speech, abridging HRDC's First Amendment rights.

43. Defendants' conduct is objectively unreasonable and was undertaken recklessly, intentionally, willfully, with malice, and with deliberate indifference to the rights of others.

44. HRDC's injuries and the violations of its constitutional rights were directly and proximately caused by Defendants' policies and practices; and those policies and practices were the moving force behind the violations.

45. The acts described above have caused HRDC to suffer damages, and if not enjoined, will continue to cause HRDC to suffer damages.

46. HRDC seeks declaratory and injunctive relief against all Defendants, and nominal and compensatory damages against the individual Defendants. HRDC seeks punitive damages against the individual Defendants in their individual capacities.

## SECOND CLAIM FOR RELIEF
### Violation of the Fourteenth Amendment Right to Notice and Due Process
### Under 42 U.S.C. § 1983
### (Brought Against All Defendants)

47. HRDC repeats and re-alleges each and every allegation set forth above, and incorporates them herein by reference.

48. The acts described above constitute violations of HRDC's rights, the rights of other correspondents who have attempted to or intend to correspond with persons incarcerated in the Jail, and the rights of persons incarcerated in the Jail, under the Fourteenth Amendment of the U.S. Constitution.

49. HRDC has a clearly established right under the Due Process Clause of the Fourteenth Amendment to receive notice and an opportunity to object and/or appeal Defendants' decisions to prevent Plaintiff's mail from reaching incarcerated persons held in the Jail.

50. Defendants' policy and practice of censoring HRDC's magazines fails to provide Plaintiff with individualized notice of the censorship or an opportunity to be heard. Defendants did not provide constitutionally adequate notice of the basis for censorship of HRDC's magazines nor did Defendants provide HRDC an opportunity to appeal the censorship decision with a party not involved in that original decision. Thus, Defendants violated HRDC's clearly established right to due process.

51. Defendants' conduct is objectively unreasonable and was undertaken recklessly, intentionally, willfully, with malice, and with deliberate indifference to the rights of others.

52. HRDC's injuries and the violations of its constitutional rights were directly and proximately caused by Defendants' policies and practices; and those policies and practices were the moving force behind the violations.

53. The acts described above have caused HRDC to suffer damages, and if not enjoined, will continue to cause HRDC to suffer damages.

54. HRDC seeks declaratory and injunctive relief against all Defendants, and nominal and compensatory damages against the individual Defendants. HRDC seeks punitive damages against the individual Defendants in their individual capacities.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests relief as follows:

1. A declaration that Defendants' policies and practices violate the First and Fourteenth Amendments of the U.S. Constitution, facially and as applied;

2. Preliminary and permanent injunctions preventing Defendants from continuing to violate the First and Fourteenth Amendments of the U.S. Constitution, and providing other equitable relief;

3. Nominal damages for each violation of HRDC's rights by the Individual Defendants;

4. Compensatory damages against the Individual Defendants in an amount to be proved at trial;

5. Punitive damages against the Individual Defendants in their individual capacities, in an amount to be proved at trial;

6. An award of costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and other applicable law; and

7. Such further and additional relief as this Court may deem just and equitable.

## JURY DEMAND

Plaintiff Human Rights Defense Center hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: August 31, 2020

Respectfully submitted,

 s/ J. Matt Thornton

BALLARD SPAHR LLP
J. Matt Thornton
Steven D. Zansberg
1225 17th Street, Suite 2300
Denver, CO 80202
Telephone: (303) 376-2409
Fax: (303) 296-3956
thorntonj@ballardspahr.com
zansbergs@ballardspahr.com


HUMAN RIGHTS DEFENSE CENTER
Daniel Marshall*
Eric Taylor*
P.O. Box 1151
Lake Worth, FL 33460
Telephone: (561) 360-2523
Fax: (561) 828-8166
dmarshall@hrdc-law.org
etaylor@humanrightsdefensecenter.org

*Attorneys for Plaintiff Human Rights Defense Center*

*Pro hac vice* applications to be filed.