IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02665-PAB

HUMAN RIGHTS DEFENSE CENTER,

Plaintiff,

v.

BOARD OF COUNTY
COMMISSIONERS FOR ADAMS
COUNTY, COLORADO; RICHARD
REIGENBORN, Sheriff, in his official
and individual capacities; CHRIS LAWS,
Jail Division Chief, in his individual
capacity; and DOES 1-10, in their
individual capacities,

Defendants.

## STIPULATION

Human Rights Defense Center ("HRDC" or "Plaintiff") and The Board of County

Commissioners for Adams County, Colorado, Sheriff Richard Reigenborn, Jail Division Chief

Chris Laws, and Does 1–10 (collectively, the "Defendants"), by and through their respective

counsel, stipulate as follows:

1.      On September 1, 2020, Plaintiff filed the above-captioned action pursuant

to 42 U.S.C. § 1983, seeking, among other things, to enjoin the Adams County Detention

Facility (the "Jail") and its employees from unconstitutionally censoring HRDC's

correspondence to incarcerated persons, and an award of damages, attorneys' fees, and

costs for the injuries Plaintiff has sustained as a result of Defendants' unlawful conduct.

Plaintiff's complaint alleges that Defendants maintain unlawful and unconstitutional

policies, customs, and/or practices regarding the delivery of incoming publications and

correspondence to incarcerated persons at the Jail, and provide inadequate notice and opportunity to challenge Defendants' refusal to deliver incoming mail to incarcerated persons, in violation of the First and Fourteenth Amendments to the United States Constitution.

2.    Contemporaneous with filing its Complaint, Plaintiff filed a motion seeking preliminarily to enjoin Defendants' ongoing unlawful conduct.  (ECF Dkt. 5). On October 9, Defendants filed their response to Plaintiff's motion for a preliminary injunction (ECF Dkt. 16), in which Defendants denied any wrongdoing (past or present). On October 23, Plaintiff filed a reply (ECF Dkt. 22).  The Court scheduled a preliminary injunction hearing for October 28, 2020.

3.    At the beginning of the October 28, 2020 hearing, the Court asked the parties' counsel whether, in lieu of proceeding with the hearing at that time, the parties would be willing to promptly discuss the reasons for the Adams County Detention Facility mailroom rejecting certain HRDC publications and whether the Jail would be willing to implement a notice and appeals process by agreement of the parties.  (*See* ECF Dkt. 24.)  After counsel agreed on the record to explore a potential resolution, the Court ordered the preliminary injunction hearing to be continued indefinitely and instructed the parties to notify the Court if, in the future, they believe the preliminary injunction hearing needs to be rescheduled.

4.    In order to avoid the expense, delay, uncertainty, and burden of proceeding with the preliminary injunction hearing, Plaintiff and Defendants (collectively, the "Parties") agree to the entry of this Stipulation.

2

5.      The Parties agree that this Stipulation resolves the issues raised in Plaintiff's Motion for Preliminary Injunction, and agree to abide by its terms during the pendency of this case.

6.      The Parties agree that providing incarcerated persons with HRDC's publications, namely, PLN and CLN, does not compromise the safety or security of the Jail and promotes, among other things, positive contact with the communities into which they will eventually be released and is therefore consistent with the Defendants' public safety mission.

7.      DEFINITIONS:

a.      As used herein, STAPLES shall mean the type of light-duty, small wire staple fasteners commonly used to attach a few sheets of paper, and used by Plaintiff to bind the sheets of its publications.

b.      As used herein, MAILING LABELS shall mean the type of adhesive sticker used by Plaintiff to affix an address to an item of mail.

8.      The Parties agree that Defendants and their successors, officers, agents, servants, and employees, and all others in active concert or participation with them:

a.      Shall, without unreasonable delay after receiving it or them in the mail, deliver PLN and CLN published by HRDC ("HRDC Mailings") addressed to incarcerated persons at the Jail, unless Defendants (i) make a good faith determination, based on credible evidence and on a case-by-case basis, that delivering the HRDC Mailing poses a threat to the safety or security of the facility, and (ii) upon making such determination, provide HRDC written notice of the specific basis for any such rejection and provide an

administrative review process in accordance with Paragraph 8(f)-(h) of this Stipulation.

b.    Shall not refuse to deliver HRDC Mailings to incarcerated persons at the Jail because HRDC Mailings contain STAPLES, provided that Defendants may, in their discretion, remove STAPLES from any HRDC Mailing, so long as HRDC Mailings are delivered to the addressee in substantially the same condition as it was received in the mail.

c.    Shall not refuse to deliver HRDC Mailings to incarcerated persons at the Jail because the addressee did not seek preapproval from the Jail to receive HRDC Mailings.

d.    Shall not require incarcerated persons at the Jail to submit a request to the Jail, in any manner or form, before the Jail delivers HRDC Mailings to the addressee.

e.    Shall not refuse to deliver HRDC Mailings to incarcerated persons at the Jail because of MAILING LABELS, provided that Defendants may, in their discretion, remove MAILING LABELS from any HRDC Mailing, so long as HRDC Mailings are delivered to the addressee in substantially the same condition as received in the mail.

f.    Shall, within fourteen (14) days of receiving HRDC Mailings, place in the United States Mail a written notice to HRDC of any HRDC Mailing the Jail does not deliver to addressee, which notice shall state, with specificity, the reason(s) why the Jail did not deliver the HRDC Mailing to the addressee.

g.    Shall, within twenty one (21) days of receiving HRDC Mailings, provide written notice to any addressee still in Jail custody each time the Jail does not deliver an HRDC Mailing to the addressee, which notice shall state, with specificity, the reason(s) why the Jail did not deliver the HRDC Mailing to the addressee.

h.    Shall permit HRDC to appeal the Jail's decision to not deliver any HRDC

4

Mailing for a period of twenty-one (21) days after HRDC receives notice from the Jail that comports with Section 8(f) of this Stipulation.  PLN and CLN will be returned to HRDC bearing a sticker/label affixed to it with the reason for the return clearly noted in compliance with Section 8(f) of this Stipulation and with notification of the appeal process and appeal email address.    HRDC may initiate an appeal by sending an email to ACSOmailappeal@adcogov.org stating the grounds therefor.  Within twenty-one (21) days of receiving the appeal, the Jail shall provide to HRDC, in writing, the result of the appeal, including the basis for the Jail's ruling and identifying the decision-maker, who shall be someone other than the person who originally refused to deliver the HRDC Mailing in question.  The Jail shall retain the HRDC Mailing in question for twenty-one (21) days while the appeal is pending so that the person responsible for considering and resolving the appeal may review it.  The only exception to this policy of retention is in cases where the inmate is no longer physically in custody at the Jail when the mailing is received.  This may occur if the inmate has been released or if the inmate has been furloughed.  In these circumstances the mailing will be returned to HRDC bearing a label clearly indicating the reason for the return.

k.    Shall revise Section 16(i) of the Adams County Jail Handbook to state: "You may also receive non-local newspapers, non-fiction education material, religious publications, bibles and religious pamphlets thru the mail."

9.    Within thirty (30) days of the entry of this Stipulation, Defendants agree to notify all relevant Jail personnel of the contents of this Stipulation and reasonably monitor its implementation at the Jail.

10.    Defendants represent upon information and reasonable belief, from February 28, 2020, to present, the Jail delivered HRDC Mailings to inmates at the Jail who, at the time of receiving the HRDC Mailing, were still in the Jail's custody.  The Jail further represents and warrants that it no longer classified HRDC's mailings as "Unauthorized Published Material" under any formal or informal Jail policy or procedure.

11.    Nothing in this Stipulation is intended to release or waive any claim, cause of action, demand, or defense in law or equity that any party to this Stipulation may have against any person or entity.

12.    The Parties agree that this Stipulation shall have the effect of an order of the Court, and either party may request the Court enforce this Stipulation in the event of a violation.

**IT IS SO STIPULATED.**

**HUMAN RIGHTS DEFENSE CENTER**

Dan Marshall
Name (printed)

HRDC's General Counsel
Title

*s/ Dan Marshall*
Signature

2/3/2021
Date

## THE BOARD OF COUNTY COMMISSIONERS
## FOR ADAMS COUNTY, COLORADO

_____
Name (printed)

_____
Title

_____
Signature

_____
Date

*omitted by agreement of the parties*

## SHERIFF RICHARD REIGENBORN

RICHARD REIGENBORN
Name (printed)

SHERIFF
Title

_____
Signature

02/16/21
Date

## JAIL DIVISION CHIEF CHRIS LAWS

CHRIS LAWS
Name (printed)

DIVISION CHIEF
Title

C. G. Laws 1903
Signature

02 12 21
Date

7

**APPROVED AS TO FORM**

**BALLARD SPAHR LLP, as counsel for Plaintiff**

J. Matthew Thornton
Name (printed)

Counsel for HRDC
Title

_(signature)_
Signature

2/3/2021
Date

**Kerri A. Booth, as counsel for Defendants**

Kerri A. Booth
Name (printed)

Assistant County Attorney
Title

_(signature)_
Signature

February 16, 2021
Date